# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **IN RE OAKLAND PHYSICIANS MEDICAL CENTER, L.L.C.** <br><br> **YATINDER M. SINGHAL**, <br>  Appellant, <br> v. <br> **BASIL SIMON**, <br>  Appellee. | 2:19-cv-11773 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING DEFENDANT-APPELLANT'S MOTION FOR DECLARATORY JUDGMENT** |

In this bankruptcy case, the Trustee (Plaintiff-Appellee Basil Simon) prevailed on several claims brought in an adversarial proceeding against Defendant-Appellant Yatinder M. Singhal ("Singhal"). The Trustee filed writs of garnishment against Singhal to collect on the judgments but now Singhal claims the judgments entered are not "final orders" and has filed a "motion for declaratory judgment" requesting this Court declare that he is right. But Singhal is doubly wrong: the judgments are final and he may not move for a declaratory judgment.

## BACKGROUND

Plaintiff Basil Simon, as trustee of the Debtor Oakland Physician Medical Center, LLC, sued Defendant Yatinder Singhal in an adversarial bankruptcy action that relates to claims filed against the bankruptcy

1

estate. Adv. P. No. 16-05120, ECF No. 102. The second amended complaint contained seven counts:

>Count I: Re-characterization of Any Advances by Defendant;
>
>Count II: Fraudulent Transfers (11 U.S.C. §§ 544, 548, 550, 551);
>
>Count III: Avoidance of Fraudulent Transfers (Mich. Comp. Laws § 566.31 *et seq*.);
>
>Count IV: Breach of Statutory Duty (Mich. Comp. Laws § 450.4401 *et seq*.);
>
>Count V: Conversion (Mich. Comp. Laws § 600.2919; Mich. Stat. Ann. § 27A 2919);
>
>Count VI: Equitable Subordination (11 U.S.C. § 510);
>
>Count VII: Claim Disallowance (11 U.S.C. § 502).

*Id*. These counts were adjudicated mostly by the bankruptcy court, but two counts were decided by the district court for reasons explained below. Both courts entered judgments on the respective counts, and the case was closed. Once the Trustee began to file writs of garnishment against Singhal, he took the position that the judgments entered were not "final orders."

Singhal was an officer, chairman of the board, board member, shareholder, and member of the Debtor, Oakland Physician Medical Center, LLC. In the adversarial proceeding, Singhal moved to withdraw the reference to the bankruptcy court on Counts IV and V, and this Court granted the motion, giving the district court exclusive jurisdiction over those counts. Case No. 18-12147, ECF No. 10. The remaining counts

proceeded before the bankruptcy court. On May 23, 2019, the bankruptcy judge entered partial summary judgment in favor of the Trustee on Counts I, II, III and VII, and dismissed Count VI as moot. ECF No. 3, PageID.318.

Singhal then filed a motion to quash the garnishments. Adv. P., ECF No. 249. He argued that the case had not been fully adjudicated because Counts IV and V were still pending in the district court. By the time the bankruptcy judge heard oral argument on the motion to quash this Court had entered a judgment on the common-law conversion claim contained in Count V and had adopted the bankruptcy judge's report and recommendation with respect to Count IV as well as the statutory conversion claim contained in Count V, which had remained with the bankruptcy court. Case No. 18-12147, ECF No. 18. Accordingly, the bankruptcy judge denied the motion to quash, holding the "finality issue [was] moot." Adv. P., ECF No. 313, PageID.2.

Now, in a motion for declaratory judgment, Singhal advances the same argument before this Court. ECF No. 6. Specifically, he says that the district court judgment is not final and appealable, and the bankruptcy court's order on partial summary judgment is "not a judgment upon which execution can be made at this time." For the reasons that follow, Singhal's motion will be denied.

3

## STANDARD OF REVIEW

The requirements of pleading and practice in actions for declaratory relief are exactly the same as in other civil actions. *See Procedure in Declaratory Actions*, 10B Fed. Prac. & Proc. Civ. § 2768 (4th ed.). Consequently, the movant must first file a complaint in accordance with the Federal Rules. *See* Fed. R. Civ. P. 57. *See also Kam–Ko Bio–Pharm Trading Co., Ltd. v. Mayne Pharma (USA) Inc.,* 560 F.3d 935, 943 (9th Cir.2009) ("There is no such thing as a motion for declaratory relief. A party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment."); *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 830 (11th Cir. 2010). Because Singhal did not file a complaint, the motion is procedurally invalid.

In the reply, Singhal says the motion is actually a "motion for clarification." ECF No. 8. There is no Federal Rule of Civil Procedure governing such a motion. The caselaw, however, suggests that the general purpose of a motion for clarification is to explain or clarify something "ambiguous or vague" in the court's order or judgment. *Resolution Tr. Corp. v. KPMG Peat Marwick*, No. 92-1373, 1993 WL 211555, at *2 (E.D. Pa. June 8, 1993).

## DISCUSSION

The definition of a "final order" is governed by Federal Rule of Civil Procedure 54(b), incorporated by reference in Federal Rule of Bankruptcy

Procedure 7054. *See In re Frederick Petroleum Corp.*, 912 F.2d 850, 854 (6th Cir. 1990).

Rule 54(b) reads:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

There are multiple counts in the Trustee's amended complaint, so each must be adjudicated in order for the judgments to be final. Adv. P., ECF No. 102.

During a May 2019 hearing, the bankruptcy judge issued partial summary judgment in favor of the Trustee on Counts I, II, III, and VII, and dismissed Count VI. Adv. P., ECF No. 248. At the conclusion of the hearing, the bankruptcy judge and the parties agreed that there was nothing left for the bankruptcy court to try and that the case had concluded. *Id.* at PageID.12. Singhal's attorney clarified with the judge that there were still claims in front of the district court (Counts IV and

V) but agreed that the bankruptcy court had nothing further to adjudicate. *Id.*

In August 2019, the district court entered judgment on the common-law conversion claim contained in Count V and adopted the bankruptcy judge's report and recommendation with respect to both Counts IV and the statutory conversion claim contained in Count V. Case No. 18-12147, ECF No. 18. At that point, all claims had been adjudicated, and the case was closed. *Id.*, ECF No. 21. There was nothing left to be done except to execute the judgments. *See Belfance v. Bushey,* 210 B.R. 95, 98 (6th Cir. B.A.P. 1997) ("A final order ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.").

Singhal argues that the judgments are not final, citing the definition of "final order" from the Combined Disclosure Statement submitted during the reorganization of Oakland Physicians Medical Center. According to that document, an order becomes final after it has been decided on appeal. Bkr. P., ECF No. 436.

Singhal's argument is without merit. The definition in the Disclosure Statement has no bearing on the standard that this Court must apply when deciding whether a judgment is final under the Federal Rules of Civil Procedure.

Next, Singhal argues that since the counts were adjudicated in different courts, the separate orders do not render the judgements final. Rather, one final order must be submitted.

6

In support, Singhal cites *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509 (10th Cir. 1991). There, the claims had been bifurcated due to a change in venue. The reviewing court determined that because the claims were bifurcated instead of severed, the transferor court lost jurisdiction over any judgments already rendered before the transfer. Therefore, the case would have to result in one final judgment from the transferee court. Singhal also cites *Thornapple Assocs., Inc. v. Izadpanah*, No. 1:14cv767, 2014 WL 7239018, at *3 (E.D. Va. Dec. 17, 2014), which distinguishes severance from separate trials under Rule 42(b) of the Federal Rules of Civil Procedure.

This case rests on a different procedural posture. Before the claims were fully adjudicated, the district court determined which counts the bankruptcy court could make a final judgment on—known as "core" proceedings— and which counts could only be adjudged by the district court, known as "non-core" proceedings. The inquiry into whether claims are "core", and therefore within the adjudicatory power of the bankruptcy court, hinges on "whether the action at issue stems from the bankruptcy proceeding itself or would necessarily be resolved in the claims allowance process." *Stern v. Marshall*, 564 U.S. 462 (2011). That issue was briefed, and the district court entered an order withdrawing the reference on "non-core" Counts IV and V. Case No. 18-12147, ECF No. 10.

At that point, the bankruptcy judge had the authority to hear and determine all "core" proceedings (Counts I, II, III, VI and VII) and to

enter dispositive orders and judgments on such claims, subject to appellate review by the district court. *In re Chateaugay Corp.*, 111 B.R. 67 (Bkrtcy. S.D.N.Y. 1990). Singhal's appeal of the bankruptcy court's judgment does not disturb its finality. *See Sweet v. Liberty Ins. Corp.*, No. 14-cv-14234, 2015 WL 9684724, at *2 (E.D. Mich. Dec. 31, 2015).

Likewise, this Court appropriately exercised its jurisdiction and entered a final order on the counts before it, thereby adjudicating all claims and closing the case. Case No. 18-12147, ECF No. 21.

## CONCLUSION

For the reasons stated above, Defendant-Appellant's motion is **DENIED**.

Dated: March 20, 2020        s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE